UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REGINA JACKSON,**

**Plaintiff,**  Case No.:

**v.**

**UNITED CALL CENTER
SOLUTIONS, LLC d/b/a
CONTINUUM GLOBAL,**

**Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, REGINA JACKSON (hereinafter referred as "JACKSON" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant UNITED CALL CENTER SOLUTTIONS, LLC d/b/a CONTINUUM GLOBAL (hereinafter referred as "CONTINUUM" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. JACKSON was hired by Defendant in October 2018, and most recently held the position of Rep Agent.

2. Defendant engages in the industry of providing customer care and call center solutions in major international markets.

3. JACKSON was employed at Defendant's Tallahassee, Florida location.

4. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

5. Defendant is engaged in an industry affecting commerce.

6. Defendant employs more than fifty (50) employees.

7. Defendant employs more than fifty (50) employees within 75 miles of its Tallahassee, Florida location.

8. JACKSON is an "employee" as defined by the FMLA.

9. Defendant is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. JACKSON worked for Defendant in Leon County, Florida.

13. Defendant conducts business in Leon County, Florida.

14. Venue is proper in the Tallahassee Division of the Northern District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

15. JACKSON worked for Defendant from approximately October 2018 to June 9, 2020.

16. JACKSON was employed with Defendant for more than one (1) calendar year leading up to April 2020.

17. JACKSON worked over 1,250 hours for Defendant during the year immediately preceding June 9, 2020.

18. In February 2020, JACKSON's mother suffered a stroke and became disabled.

19. JACKSON was her mother's caretaker.

20. In February 2020, JACKSON notified Defendant of her mother's condition and continually asked her supervisor to change her shift time to the morning so that she could take care of her mother.

21. JACKSON did not receive a response to this request from Defendant.

22. JACKSON also attempted to apply for FMLA leave but was told she could not apply until April 2020.

23. She then applied for FMLA leave in April 2020, but her FMLA leave was not approved until May 2020.

24. Due to JACKSON's FMLA leave and the corona virus occurring during the above time period, JACKSON's hours were reduced.

25. Because of the reduction of hours JACKSON was approved for unemployment benefits as of June 8, 2020.

26. The following day, June 9, 2020, JACKSON was terminated by Defendant, on the grounds that JACKSON was hanging up on members.

27. Defendant refused to review any of her calls to prove that JACKSON was in fact hanging up on members.

28. Defendant did not accommodate JACKSON's needs to tend to her mother's medical condition.

29. Accordingly, Defendant's actions, inactions, and comments are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

30. Defendant's actions interfered with JACKSON's rights under the FMLA.

31. Defendant retaliated against JACKSON for engaging in her rights under the FMLA.

## **COUNT I - INTERFERENCE UNDER THE FMLA**

32. JACKSON re-alleges and adopts the allegations of paragraphs 1 through 31 above as if fully set forth herein.

33. JACKSON was, at all times relevant, eligible for FMLA-covered leave.

34. Defendant was JACKSON's employer as defined by the FMLA.

35. Defendant's acts and omissions constitute interference with JACKSON's rights under the FMLA.

36. As a direct, natural, proximate and foreseeable result of the actions of Defendant, JACKSON has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

37. JACKSON has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

38. Defendant's violations of the FMLA were willful.

39. JACKSON is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** JACKSON respectfully requests entry of:

a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward JACKSON violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

40. JACKSON re-alleges and adopts the allegations of paragraphs 1 through 31 above as if fully set forth herein.

41. JACKSON was, at all times relevant, eligible for FMLA-covered leave.

42. Defendant was JACKSON's employer as defined by the FMLA.

43. Defendant discriminated and/or retaliated against JACKSON because Defendant knew she was eligible for leave under the FMLA.

44. Defendant discriminated and/or retaliated against JACKSON because JACKSON attempted to exercise her rights under the FMLA.

45. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

46. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of JACKSON's employment.

47. Defendant's discriminatory acts and omissions occurred, at least in part, because of JACKSON's request for FMLA-covered leave.

48. Defendant's conduct violated JACKSON's right to be free from discrimination/retaliation as guaranteed by the FMLA.

49. As a direct, natural, proximate and foreseeable result of the actions of Defendant, JACKSON has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

50. JACKSON has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

51. Defendant's violations of the FMLA were willful.

52. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** JACKSON respectfully requests entry of:

    a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

   b. judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

   c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

   d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   e. declaratory judgment that Defendant's practices toward JACKSON violate her rights under the FMLA; and

   f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __21st__ day of December, 2020.

            Respectfully submitted,
            ***/s/ Carlos V. Leach***
            Carlos V. Leach, Esq.
            Fla. Bar No.: 540021
            The Leach Firm, P.A.
            631 S. Orlando Ave., Suite 300
            Winter Park, Florida 32789
            Office: (407) 574-4999
            Facsimile: (407) 960-4789
            E-mail: cleach@theleachfirm.com
            E-mail: ewimp@theleachfirm.com
            ***Attorney for Plaintiff***